## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LABORERS WELFARE FUND OF DELAWARE :     CIVIL ACTION
LOCAL NO. 199, LABORERS OF DELAWARE :
LOCAL UNION NO. 199 PENSION PLAN,     :     NO. 07-CV-
LOCAL 199 LABORERS INTERNATIONAL  :
UNION OF NORTH AMERICA ANNUITY    :
PLAN, LABORERS LOCAL 199 TRAINING   :
AND APPRENTICESHIP FUND, LABORERS  :
LOCAL 199 VACATION FUND (administered  :
through the Laborers Welfare Fund of Delaware  :
Local 199) and LABORERS-EMPLOYERS'  :
COOPERATIVE EDUCATION TRUST FUNDS  :
650 Naamans Road                             :
Claymont, DE 19703                       :
                                     :

        and                            :
                                     :
LABORERS INTERNATIONAL UNION     :
OF NORTH AMERICA, LOCAL NO. 199    :
AFL-CIO                                 :
532 South Claymont Street                :
Wilmington, DE 19801                  :
                                     :

             Plaintiffs              :
                                     :

           v.                        :
                                     :
RODMAN CONSTRUCTION COMPANY, INC.  :
2000 Rodman Road                    :
Wilmington, DE 19805                  :
                                     :

        and                            :
                                     :
HEALY LONG & JEVIN, INC.             :
2000 Rodman Road                    :
Wilmington, DE 19805                  :
                                     :
          Defendants           :

## COMPLAINT

### JURISDICTION AND VENUE

1.    This action is instituted under, and by virtue of, Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947, as amended, ("LMRA"), 29 U.S.C. § 185, to collect liquidated damages owed for late fringe benefit contributions.

2.    This Court has jurisdiction over this matter pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and 28 U.S.C. §§ 1331 and 1337.  Venue is appropriate pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b).

## PARTIES

3.    The Plaintiffs, Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, Laborers Local 199 Vacation Fund and Laborers-Employers' Cooperative Education Trust Funds ("Funds"), are jointly-administered, multi-employer benefit funds within the meaning of Section 302 of the LMRA, 29 U.S.C. § 186, and Sections 3(3) and 3(37)(A) of ERISA, 29 U.S.C. §§ 1002(3) and (37)(A).  The Vacation Fund is a Sub-Fund of the Welfare Fund.  The Funds receive contributions from various construction contractors who are obligated to make contributions thereto by virtue of their having agreed to be bound by collective bargaining agreements with Laborers International Union of North America Local 199, AFL-CIO ("Local 199") and by virtue of their agreed to be bound by the Agreements and Declarations of Trusts that establish the Funds.  The Funds' offices are located at 650 Naamans Road, Claymont, Delaware, 19703.

4.    Plaintiff, Laborers International Union of North America, Local 199, AFL-CIO is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. § 152(5) and an employee organization within the meaning of Section 3(4) of ERISA, 29

U.S.C. §1002(4). Its principal place of business is 532 South Claymont Street, Wilmington,

Delaware, 19801. Local 199 represents employees employed in the construction industry as

laborers in the State of Delaware.

5.    Defendant, Rodman Construction Company ("Rodman"), is a Delaware

corporation with a principal place of business at 2000 Rodman Road, Wilmington, Delaware,

19805. At all times relevant hereto, Rodman has been an employer engaged in an industry

affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and

Section 152(2) of the NLRA, 29 U.S.C. § 152(2). Rodman is also an "employer" within the

meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

6.    Defendant, Healy Long & Jevin, Inc. ("Healy"), is a Delaware corporation with a

principal place of business at 2000 Rodman Road, Wilmington, Delaware, 19805. At all times

relevant hereto, Healy has been an employer engaged in an industry affecting commerce within

the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 152(2) of the NLRA, 29

U.S.C. § 152(2). Healy is also an "employer" within the meaning of Section 3(5) of ERISA, 29

U.S.C. § 1002(5).

## FACTUAL ALLEGATIONS

7.    At all times relevant hereto, Rodman and Healy (hereinafter "the Defendants"),

were the alter egos of each other in that Rodman at all relevant times exercised total dominion

and control over Healy and Healy at all relevant times exercised total dominion and control over

Roadman, and that the Defendants have so intermingled their financial affairs and managerial

structures that they were the alter egos of each other and are thus each liable for each other's

obligations.

8.    At all times relevant hereto, the Defendants functioned in a manner as if they

were a single employer, in that their financial affairs and managerial structures are so

intermingled that every act or omission on the part of Rodman can be attributed to Healy and every act or omission on the part of Healy can be attributed to Rodman, and that the Defendants are thus each liable for each other's obligations.

9      At all times relevant hereto, the Defendants have agreed to be bound by the terms of a collective bargaining agreement ("Agreement") with Local 199 which set forth, inter alia, the wages, hours and other terms and conditions of employment of laborers employed by the Defendants in the State of Delaware.  Among the provisions contained in the Agreement are clauses that require the Defendants to make timely contributions to the Funds on a monthly basis when members of Local 199 are employed by the Defendants, to transmit money withheld from the wages of laborers employed under the Agreement, voluntary contributions to the Laborers Political League of Delaware ("LPL") and organizing dues to be paid the Laborers Eastern Region Organizing Fund ("LEROF"), which are both authorized as part of the voluntary authorizations executed by laborers to permit employers to withhold union dues from their wages and transmit same to Local 199, and to submit timely monthly contribution report forms to the Funds' administrator.  All such payments are to be directed to the Funds' Administrator.

10.      "Timely" contributions, as referred to under the terms of the Agreement and under the Agreements and Declarations of Trust establishing the Funds, means that all employee benefit contributions must be received by the Funds on or before the fifteenth day of the month following the month in which the benefits are earned.

11.      Under the terms of the Agreement and the rules of the Funds, contribution report forms, like the contributions themselves, must be received no later than the fifteenth day of the month in which the hours were worked by members of Local 199.  Under the Agreement and the Agreements and Declarations of Trust establishing the Funds, all contributions and reports received after the fifteenth of the month are subjected to a ten percent liquidated damages charge.

12.     During the month of July, 2003, Healy employed laborers under the terms of the Agreement, but, notwithstanding its obligation to do so, failed and refused to make contributions to the Funds in the amount of $2,133.95.

13.     During the month of August, 2003, Healy employed laborers under the terms of the Agreement, but, notwithstanding its obligation to do so, failed and refused to make contributions to the Funds in the amount of $182.91.

14.     During the month of October, 2004, Rodman employed laborers under the terms of the Agreement, but, notwithstanding its obligation to do so, failed and refused to make contributions to the Funds in the amount of $878.11, and failed to transmit to the Union LEROF dues in the amount of $22.00, and to the LPL contributions in the amount of $13.20.

15.     During the month of November, 2004, Rodman employed laborers under the terms of the Agreement, but, notwithstanding its obligation to do so, failed and refused to make contributions to the Funds in the amount of $2,036.64, and failed to transmit to the Union LEROF dues in the amount of $50.75, and to the LPL contributions in the amount of $30.45.

16.     Upon receipt of a demand for contributions, the Defendants, in October, 2005, filed an appeal from the claims made by the Funds, as set forth in Paragraphs 14 and 15 of the Complaint, with the Funds' Delinquency Subcommittee ("Subcommittee").

17.     On April 18, 2006, the Subcommittee considered the request by the Defendants for a waiver of the claims, denied the request, and so notified the Defendants by letter from co-counsel dated May 2, 2006.

18.     On or about May 3, 2006, the Defendants requested the right to send a representative to appear before the Subcommittee to explain their position.

19.    The Defendants were advised that they could send a representative to the Subcommittee meeting on August 15, 2006, at which time their representative could explain the Defendants' position and seek to have the Subcommittee waive the claims of the Funds.

20.    On August 15, 2006, the Subcommittee conducted a meeting at which time the requests of the Defendants were to be considered but, notwithstanding their request that they be allowed to send a representative to state their position and the Subcommittee's willingness to consider the appeals of such a representative, the Defendants and their representatives did not appear and, accordingly, their appeals were denied.

21.    On February 22, 2007, the Funds received from Rodman contributions for certain work performed under the Agreement during the month of January, 2007 in the amount of $7,400.70.

22.    On March 22, 2007, the Funds received from Rodman contributions for certain work performed under the Agreement during the month of February, 2007 in the amount of $3,683.20.

23.    On April 20, 2007, the Funds received from Rodman contributions for certain work performed under the Agreement during the month of March, 2007 in the amount of $2,429.20.

## COUNT ONE

### BREACH OF COLLECTIVE BARGAINING
### AGREEMENT FOR FAILURE TO MAKE CONTRIBUTIONS

24.    Paragraphs 1 through 23 of the Complaint are re-alleged as if fully set forth herein.

25.    Under the terms of the Agreement, the Defendants were required to contribute to the Funds in an amount sum certain for every hour worked by their employees working under the Agreement, whether or not such employees were members of Local 199.

26.    At all times relevant to this action, the Defendants have employed individuals covered by this Agreement and were required, on behalf of these individuals, to make the timely employee benefit contributions, as that term is defined in Paragraph 10 of this Complaint, and have been advised that, under the terms of the Agreement, they were obliged to make timely contributions, pay liquidated damages, and submit the contribution report forms as prescribed by the Agreement.

27.    Despite having received demands that it perform its contractual obligations, the Defendants have failed, neglected, and refused to make sufficient contributions to the Funds, as alleged in Paragraph 12 through 15 of this Complaint.

28.    The Defendants' failure to submit contributions of $5,348.01 to the Funds for the months of July through August, 2003 and October through November, 2004 constitutes a breach of the Agreement.

## COUNT TWO

## BREACH OF COLLECTIVE BARGAINING
## AGREEMENT FOR FAILURE TO MAKE CONTRIBUTIONS IN A TIMELY FASHION

29.    Paragraphs 1 through 28 of the Complaint are re-alleged as if fully set forth herein.

30.    Under the terms of the Agreement, contributions must be received no later than the fifteenth day of the month in which the hours were worked by members of Local 199. Under the Agreement, all contributions received after the fifteenth day of the month are subjected to a ten percent (10%) liquidated damages charge.

31.    The Defendants' contributions to the Funds for the periods set forth in Paragraphs 21 through 23 of this Complaint were not received in a timely fashion.

32.    Under the terms of the Agreement, the Defendants were and are contractually obligated to pay contractually mandated liquidated damages in the amount of $1,351.31 as a

result of its failure to make timely contributions in the amount of $13,513.10 for the periods set forth in Paragraphs 21 through 23 of this Complaint

33.     The Defendants have been advised that, under the terms of the Agreement, they are obliged to make timely contributions and pay liquidated damages as required by the Agreement.  Despite having received a demand that they perform their contractual obligations with respect to making timely contributions and paying liquidated damages to the Funds, the Defendants have failed, refused and neglected to make such payments.

34.     The Defendants' failure to make liquidated damages payments in the amount of $1,351.31 as a result of their failure to make timely contributions in the amount of $13,513.10 constitutes a breach of the Agreement.

**COUNT THREE**

**VIOLATION OF ERISA**
**FOR FAILURE TO MAKE CONTRIBUTIONS**

35.     Paragraphs 1 through 34 of the Complaint are re-alleged as if fully set forth herein.

36.     Section 515 of ERISA, as amended, 29 U.S.C. §1145, requires every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collective bargaining agreement to do so in accordance with the terms and conditions of the plan or agreement.

37.     Section 502(g)(2) of ERISA, as amended, 29 U.S.C. §1132(g)(2), provides that in any action instituted for or on behalf of a multi-employer plan to enforce the payment of delinquent contributions, the court shall, if judgment is entered in favor of the plan, award the plan: (a) the unpaid contributions, plus (b) interest, plus (c) an amount equal to the greater of (i) interest on the unpaid contributions or (ii) liquidated damages provided for under the plan in an amount not in excess of ten percent (10%), unless permitted under federal or state law, of the

amount of the unpaid contributions, plus (d) a reasonable attorney's fee and costs, plus (e) any other legal and equitable relief that the court deems appropriate.

38.    The Defendants' failure and/or refusal to make contributions in the amount of $5,348.01 for hours worked by individuals for the periods set forth in Paragraphs 12 through 15 of this Complaint in accordance with the Agreement constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

## COUNT FOUR

## VIOLATION OF ERISA FOR FAILURE TO PAY LIQUIDATED DAMAGES

39.    Paragraphs 1 through 38 of the Complaint are re-alleged as if fully set forth herein.

40.    The Defendants' failure to pay liquidated damages in the amount of $1,886.11 to the Funds as a result of its failure to make timely contributions in accordance with the Agreement and the Agreements and Declarations of Trusts establishing such Funds constitutes a violation of Section 515 of ERISA, 29 U.S.C. §1145.

WHEREFORE, the Plaintiffs pray that the following relief be granted against the Defendants:

(a)    that judgment be entered against the Defendants and in favor of the Plaintiffs in the total amount of $7,768.92 representing, as of the date of the filing of this Complaint, (i) unpaid contributions in the amount of $5,348.01; (ii) double liquidated damages on unpaid contributions in the amount of $1,069.60; and (iii) unpaid liquidated damages on untimely contributions in the amount of $1,351.31.

(b)    that judgment be entered against the Defendants and in favor of the Plaintiffs for interest, costs, and reasonable attorneys' fees as provided for by the Agreement and ERISA;

(c)    that this Court enter an Order, directing the Defendants to make future contributions in a timely manner and in accordance with the Agreement and ERISA; and

(d)    such other legal and equitable relief as this Court deems appropriate or to which the Plaintiffs are entitled.

Respectfully submitted,

YOUNG, CONAWAY, STARGATT
& TAYLOR, LLP

BY:

Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 571-6645
Telefax: (302) 576-3336
Email: tsnyder@ycst.com

Of Counsel:

Jonathan Walters, Esquire
Markowitz and Richman
121 S. Broad Street, Suite 1100
Philadelphia, PA 19107
Telephone: (215) 875-3121
Telefax: (215) 790-0668
Email: jwalters@markowitzandrichman.com

Attorneys for Plaintiffs

Dated: August __8__, 2007

JS44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Laborers Welfare Fund of Delaware Local No. 199, Laborers of Delaware Local Union No. 199 Pension Plan, Local 199 Laborers International Union of North America Annuity Plan, Laborers Local 199 Training and Apprenticeship Fund, Laborers Local 199 Vacation Fund and Laborers'-Employers' Cooperative Education Trust Funds, and Laborers International Union of North America, Local No. 199 AFL-CIO | Rodman Construction Company, Inc. Healy Long & Jevin, Inc.  <br><br> COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT_____ (IN U.S. PLAINTIFF CASES ONLY)  <br><br> NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF___New Castle___ (EXCEPT IN U.S. PLAINTIFF CASES) | |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, TELEPHONE NUMBER) Timothy Snyder, Esquire , Young Conaway Stargatt & Taylor, LLP Brandywine Building, 17th Floor 1000 West Street Wilmington, DE  19801 (302) 571-6645 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance <br> ☐ 120 Marine <br> ☐ 130 Miller Act <br> ☐ 140 Negotiable Instrument <br> ☐ 150 Recovery of Overpayment & Enforcement of Judgment <br> ☐ 151 Medicare Act <br> ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) <br> ☐ 153 Recovery of Overpayment of Veteran's Benefits <br> ☐ 160 Stockholders Suits <br> ☐ 190 Other Contract <br> ☐ 195 Contract Product Liability | **PERSONAL INJURY** <br> ☐ 310 Airplane <br> ☐ 315 Airplane Product Liability <br> ☐ 320 Assault, Libel & Slander <br> ☐ 330 FederalEmployers Liability <br> ☐ 340 Marine <br> ☐ 350 Motor Vehicle <br> ☐ 355 Motor Vehicle Product Liability <br> ☐ 360 Other Personal Injury | **PERSONAL INJURY** <br> ☐ 362 Personal Injury Med Malpractice <br> ☐ 365 Personal Injury Product Liability <br> ☐ 368 Asbestos Personal Injury Product Liab. <br><br> **PERSONAL PROPERTY** <br> ☐ 370 Other Fraud <br> ☐ 371 Truth in Lending <br> ☐ 380 Other Personal Property Damage <br> ☐ 385 Property Damage Product Liability | ☐ 610 Agriculture <br> ☐ 620 Other Food & Drugs <br> ☐ 625 Drug Related Seizure of Property 21 USC 881 <br> ☐ 630 Liquor Laws <br> ☐ 640 R.R. & Truck <br> ☐ 650 Airline Regs. <br> ☐ 660 Occupational Safety/Health <br> ☐ 690 Other <br><br> **LABOR** <br> ☐ 710 Fair Labor Standards Act <br> ☐ 720 Labor/Mgmt. Relations <br> ☐ 730 Labor/Mgmt. Reporting & Disclosure Act <br> ☐ 740 Railway Labor Act <br> ☐ 790 Other Labor Litigation <br> ☐ 791 Empl Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158 <br> ☐ 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> ☐ 820 Copyrights <br> ☐ 830 Patent <br> ☐ 840 Trademark <br><br> **SOCIAL SECURITY** <br> ☐ 861 HIA (1395ff) <br> ☐ 862 Black Lung (923) <br> ☐ 863 DIWC/DIWW (405(g)) <br> ☐ 864 SSID Title XVI <br> ☐ 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> ☐ 870 Taxes (U.S. Plaintiff or Defendant) <br> ☐ 871 IRS Third Party 26 USC 7609 | ☐ 400 State Reapportionment <br> ☐ 410 Antitrust <br> ☐ 430 Banks and Banking <br> ☐ 450 Commerce/ICC Rates/etc. <br> ☐ 460 Deportation <br> ☐ 470 Racketeer Influenced and Corrupt Organizations <br> ☐ 810 Selective Service <br> ☐ 850 Securities/Commodities/ Exchange <br> ☐ 875 Customer Challenge 12 USC 3410 <br> ☐ 891 Agricultural Acts <br> ☐ 892 Economic Stabilization Act <br> ☐ 893 Environmental Matters <br> ☐ 894 Energy Allocation Act <br> ☐ 895 Freedom of Information Act <br> ☐ 900 Appeal of Fee Determination Under Equal Access to Justice <br> ☐ 950 Constitutionality of State Statutes <br> ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** <br> ☐ 210 Land Condemnation <br> ☐ 220 Foreclosure <br> ☐ 230 Rent Lease & Ejectment <br> ☐ 240 Torts to Land <br> ☐ 245 Tort Product Liability <br> ☐ 290 All Other Real Property | **CIVIL RIGHTS** <br> ☐ 441 Voting <br> ☐ 442 Employment <br> ☐ 443 Housing/ Accommodations <br> ☐ 444 Welfare <br> ☐ 440 Other Civil Rights | **PRISONER PETITIONS** <br> ☐ 510 Motions to Vacate Sentence <br> **HABEAS CORPUS:** <br> ☐ 530 General <br> ☐ 535 Death Penalty <br> ☐ 540 Mandamus & Other <br> ☐ 550 Civil Rights <br> ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐1 Original Proceeding

☐2 Removed from State Court

☐3 Remanded from Appellate Court

☐4 Reinstated or Reopened

☐5 Transferred from another district (Specify)

☐6 Multidistrict Litigation

☐7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Action brought pursuant to 29 U.S.C. §§ 186, 1132 and 1145 for unpaid fringe benefit fund contributions.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint: JURY DEMAND: ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY

(See Instructions):   JUDGE_____   DOCKET NUMBER_____

DATE  *August 8, 2007*     SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. ⸻ 0 7 - 4 9 0 -

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____5_____ COPIES OF AO FORM 85.

AUG 0 8 2007
_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action